UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-WMCI, | § § § § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3522-B |
| KENNETH E. CRUM, | § § § | |
| Defendant/Counter-Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 11) filed by Plaintiff/Counter-Defendant HSBC

Bank USA, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-

Backed Certificates, Series 2005-WMCI ("HSBC") on November 11, 2014. For the reasons set forth

below, HSBC's Motion is **GRANTED**.

## I.

## BACKGROUND[1]

This case arises out of a dispute regarding the foreclosure of a property. On or about July 7,

2004, Defendant/Counter-Plaintiff Kenneth E. Crum ("Crum") executed a Texas Home Equity Note

(the "Note") in the amount of $116,000.00 for the purchase of property located at 2499 Materhorn

---

[1] The Court draws its factual account from the allegations contained in Plaintiff/Counter-Defendant's Original Complaint (doc. 1), Defendant/Counter-Plaintiff's Original Answer, Affirmative Defenses, and Counterclaims (doc. 8), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Drive, Dallas, Texas 75228 (the "Property"). Doc. 1, Orig. Compl. ¶¶ 3, 9; Ex. A, Note. The Note, secured by the Property, was made payable to WMC Mortgage Corporation ("WMC"). Orig. Compl. ¶ 9; Ex. A, Note. At this time, Crum executed a Texas Home Equity Security Instrument (the "Security Instrument"), which, together with the Note, granted WMC a security interest in the Property. Orig. Compl. ¶ 10; Ex. B, Security Instrument.

Pursuant to the Note and Security Instrument, Crum was required to make payments on the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees. Orig. Compl. ¶ 12. However, HSBC asserts that Crum defaulted on this obligation in February of 2009. *Id.* ¶ 14. Notice of default and intent to accelerate was allegedly mailed, but Crum failed to cure his default, resulting in the acceleration of the debt. *Id.* Because HSBC and Crum were unable to reach an agreement on this default, and because Crum remains in default on his loan obligations, HSBC brought this suit on September 29, 2014, seeking a judicial foreclosure of the Property. *Id.* ¶ 15.

HSBC asserts that it is the current owner and holder of the Note as well as the mortgagee of the Security Instrument pursuant to the Corporate Assignments of Mortgage and Deed of Trust, attached to the Original Complaint. *Id.* ¶ 11; Exs. C, Corporate Assignment from MERS to Merrill Lynch; D, Corporate Assignment from Merrill Lynch to HSBC. These Corporate Assignments indicate that, on July 6, 2009, the Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC, assigned and transferred its interest in the Property to Merrill Lynch Mortgage Lending, Inc., ("Merrill Lynch"), which in turn assigned and transferred this interest to HSBC. Orig. Compl. Exs. C, Corporate Assignment from MERS to Merrill Lynch; D, Corporate Assignment from Merrill Lynch to HSBC.

On October 21, 2014, Crum filed his Original Answer, Affirmative Defenses, and Counterclaims (doc. 8) against HSBC, disputing the validity of the transfer of the Note and Security Instrument and maintaining that HSBC is not their current owner and holder and thus cannot foreclose on the Property. Doc. 8, Crum Orig. Answer, Affirmative Defense, and Counterclaim ("Orig. Answer") ¶ 11. As counterclaims against HSBC, Crum seeks a declaration that the Security Instrument is void. *Id.* ¶ 25. Crum further moves to quiet title to the Property in his favor. *Id.* ¶ 26.

In response, on November 11, 2014, HSBC filed the present Motion to Dismiss (doc. 11), seeking the dismissal of Crum's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, a more definite statement of his claims pursuant to Rule 12(e). Crum submitted his Response (doc. 18) on December 16, 2014, to which HSBC replied (doc. 23) on January 13, 2015. The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A.      *Rule 12(b)(6) Motion to Dismiss*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be

granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.      *Rule 12(e) Motion for a More Definite Statement*

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" when it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "When a party moves for a more definite statement, a court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Ash Grove Tex., L.P. v. City of Dall.*, No. 3:08-CV-2114-O, 2009 WL 3270821, at *7 (N.D. Tex. Oct. 9, 2009) (citing *Mitchell v. EZ Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959))."[M]otions for a more definite statement are generally disfavored," and district courts have "significant discretion" when considering them. *Id.* (internal citations and quotations omitted).

## III.

## ANALYSIS

HSBC seeks the dismissal of Crum's counterclaims, or, in the alternative, a more definite statement of his allegations. Doc. 12, Br. in Support of Mot. to Dismiss ("HSBC Mot.") 1. HSBC contends that Crum fails to set forth sufficient legal and factual allegations to support his claim that there is a question of validity as to the Security Instrument and that HSBC is not its legal owner and thus cannot foreclose on the Property. *Id.*[2]

In response to HSBC's Motion, Crum clarifies that his counterclaim is based on the theory that the documents purporting to assign and transfer WMC's interest to HSBC are void, and that, consequently, HSBC is not the legal holder of the Note and Security Instrument and thus cannot foreclose on the Property. Doc. 19, Br. in Support of Resp. to Mot. to Dismiss ("Crum Resp.") 2–3. Crum explains that HSBC is the agent of a trust created in 2005 (the "Trust") pursuant to a Pooling and Servicing Agreement (the "PSA"). *Id.* at 3. Crum's loan, along with others, was pooled into the Trust and converted into mortgage-backed securities that could be bought and sold by investors. *Id.* Crum indicates that the PSA governing the Trust listed a 2005 closing date by which loans could be included in the Trust. *Id.* at 3–4. However, the documents that transferred the Note and Security Instrument from MERS to Merrill Lynch and then to HSBC were executed in 2009—after the 2005 closing date. *Id.* at 4. Thus, Crum argues, these assignments are void because they violated the PSA

---

[2] Although HSBC asserts that it moves to dismiss all of Crum's counterclaims, its Motion makes no mention of Crum's quiet title claim. *See* Orig. Answer ¶ 26. Because HSBC fails to draw any connection between Crum's quiet title claim and its request to dismiss Crum's claim that the assignments are void, and because neither party discusses the viability of the quiet title claim, the Court does not address it in the present Order. However, to the extent the quiet title claim is solely based on the theory that the assignments are void, such claim fails pursuant to the Court's finding, discussed below, that Crum is unable to state a claim that the assignments are void.

governing the Trust. *Id.* These void assignments, in turn, could not grant HSBC the authority to foreclose on the Property. *Id.*

In its Reply, HSBC argues that, although Crum alleges the assignments are void, he does not present a legally recognized reason to support this claim. Doc. 23, HSBC Reply 4. HSBC further indicates that, to the extent Crum challenges his loan's inclusion into the Trust based on the fact that it was assigned after the deadline provided by the Trust's PSA, his claim must fail, as he lacks standing to enforce the PSA. *Id.*

In a case involving a scenario similar to that before the Court, the Fifth Circuit held that an obligor may defend against a foreclosure on any ground that renders the assignment of the loan void. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). In *Reinagel*, obligors attempting to prevent the foreclosure of their home claimed that the assignment of their loan to a pooling trust was void because the assignment was executed after the trust's closing date, as established by the trust's Pooling and Servicing Agreement ("PSA"). *Id.* at 228. The Fifth Circuit affirmed the district court's dismissal of the obligors' claim, holding that they were not third-party beneficiaries of the PSA, and therefore could not enforce its terms. *Id.* Without asserting additional facts indicating that they were intended to benefit from the PSA, the obligors could not assert a claim that the assignment was void. *Id.* The *Reinagel* court further held that, even assuming that the obligors were third-party beneficiaries to the PSA, the alleged violation would only support a claim for breach of contract, and would not support a claim that the assignment was void. *Id.*

In the present case, Crum similarly argues that the assignments granting an interest to HSBC are void because they purport to transfer the loan into the Trust after the deadline established by the Trust's PSA, thus violating the PSA's terms. Crum Resp. 3–4. However, parties do not have the right

to enforce the terms of a contract "unless they are its intended third-party beneficiaries." *Reinagel*, 735 F.3d at 228. There is no indication that the PSA in question was intended to benefit Crum, nor does he make such an allegation. Indeed, as the *Reinagel* court explained, "a PSA is executed to benefit the investors who buy securities backed by the mortgage pool." *Id.* at 228 n.29. Thus, "courts invariably deny mortgagors third-party status to enforce PSAs." *Id.* (citations omitted). As a result, Crum is unable to enforce the PSA's terms and has no basis to challenge the assignments that included his loan in the Trust after the specified deadline. Based on the foregoing, the Court finds that Crum fails to state a viable claim in asserting that the assignments in question are void.[3] The Court therefore **GRANTS** HSBC's Motion to Dismiss with respect to this counterclaim.[4]

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff/Counter-Defendant HSBC Bank USA, N.A.'s Motion to Dismiss (doc. 11) is **GRANTED**. Accordingly, Defendant/Counter-Plaintiff Kenneth E. Crum's counterclaim that the assignments of the Note and Security Instrument to HSBC are void, as

---

[3] Crum also briefly alleges that the PSA is governed by New York law. Crum Resp. 4. Because Crum does not provide argument or authority in support of this contention, and because the multitude of cases he cites throughout his brief—though irrelevant to the issues before the Court—are primarily Texas and Fifth Circuit cases, the Court does not discuss the merits of this position. However, the Court nonetheless observes that applying New York law would produce the same result in the present case. *See Svoboda v. Bank of Am., N.A.*, 571 F. App'x. 270, 273 (5th Cir. 2014) (finding that applying New York law does not circumvent the holding of *Reinagel* and stating that, under New York law, "the violations of the PSA that allegedly took place when the [obligors'] mortgage was transferred to the Trust would merely make such a transaction voidable, not void."); *see also Shaver v. Barrett Daffin Frappier Turner & Engel*, L.L.P., 593 F. App'x 265, 273 (5th Cir. 2014) (concluding that, even applying New York law, the alleged violation of a PSA would render the assignment voidable, not void).

[4] As previously stated, this Order does not address the viability of Crum's counterclaim for quiet title, as neither party discusses it in the briefing before the Court. *See* Orig. Answer ¶ 26 (asserting a counterclaim for quiet title to the Property). However, to the extent this claim is solely based on the theory that the assignments are void, such claim similarly fails as a matter of law and is **DISMISSED with prejudice**.

asserted in his Original Answer, Affirmative Defenses, and Counterclaims (doc. 8), is **DISMISSED with prejudice**.

In light of this dismissal, the portion of HSBC's Motion requesting a more definite statement of this counterclaim pursuant to Federal Rule of Civil Procedure 12(e) is deemed **MOOT**.

**SO ORDERED.**

**SIGNED: April 17, 2015.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE