UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-WMCI, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3522-B |
| KENNETH E. CRUM, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kenneth E. Crum's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 60. For the reasons stated below, Defendant's Motion is **DENIED**.

## I.

## BACKGROUND[1]

This is a mortgage case stemming from a Texas Home Equity Note (Note) and a Texas Home Security Instrument (Security Instrument) (collectively Loan Agreement) executed by Defendant Crum, creating a lien on a piece of real property. Doc. 1, Pl.'s Compl. ¶¶ 9–10; Doc. 8, Def.'s Answer ¶¶ 9–10. HSBC's predecessor in interest originally executed the Note in July 2004. *See id.* But

---

[1] The following factual summary is drawn from the parties' initial pleadings and from the parties' briefing on the Motion to Dismiss before the Court. Any contested fact is noted as such.

through a series of transfers, Plaintiff came to hold the Note and became the beneficiary of the Security Instrument. Doc. 1, Pl.'s Compl. ¶ 11; Doc. 58, Order 7 (finding no reason to question HSBC's supporting evidence establishing that it owned the Note).

Defendant Crum allegedly mailed a written "Notice of Rescission" (Notice) to HSBC in November 2015 in an attempt to rescind the Loan Agreement between the parties. Doc. 60, Def.'s Mot. to Dismiss ¶ 4. After the Notice was sent, HSBC did not file a lawsuit against Crum to oppose it. *Id.* ¶ 7. Crum then filed his Motion to Dismiss (Doc. 60), HSBC filed a Response (Doc. 61), and Crum filed a Reply (Doc. 62); thus, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Article III of the Constitution limits federal-court jurisdiction to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. Where a court lacks the constitutional power to adjudicate a case, it must dismiss it for lack of subject matter jurisdiction under Rule 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking federal jurisdiction, not the party moving for dismissal, bears the burden of establishing subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 314 (5th Cir. 2012).

"The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's case or controversy language." *Choice Inc. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (internal quotation marks omitted). Defendant bases his Motion to Dismiss on the alleged mootness of Plaintiff's claims. A case is moot and no longer constitutes a case or controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

outcome," *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496–97 (1969)), or when the court cannot grant any effectual relief to the parties. *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

### III.

### ANALYSIS

To prevail on mootness, Crum must show that the dispute has been resolved. *See Am. Med. Ass'n*, 587 F.2d at 270. Crum relies on the Truth in Lending Act and a recent Supreme Court decision, *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), to argue that the dispute was resolved when Crum sent the Notice of Rescission to HSBC. Doc. 60-1, Def.'s Br. in Supp. of Def.'s Mot. to Dismiss ¶¶ 2, 8 [hereinafter Def.'s Br.]. This Notice arguably resolved the dispute because rescinding the Loan Agreement would deprive HSBC of its security interest and thus, its right to foreclose on the property. *Id.*

The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after a transaction is consummated. 15 U.S.C. § 1635(f) (2012); *Jesinoski*, 135 S. Ct. at 791. A transaction is considered "consummated" at the moment a contractual relationship is created between a lender and a borrower. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). In *Jesinoski*, the Supreme Court addressed a situation where a borrower sent written notice of rescission within the three-year time limit, but failed to also file a suit seeking a declaration of that rescission. *Jesinoski*, 135 S.Ct. at 791. The lender argued that when a borrower's entitlement to rescission is in dispute, a borrower must do more than solely send written notice to effectuate his right. *Id.* at 792.

The Court held that a borrower must only give written notice to effectuate his right of rescission, regardless of whether his entitlement to that right may be in dispute. *Id.* at 793. A district court in the Northern District made clear that in *Jesinoski*, the Supreme Court "addressed *how* the right to rescission is exercised, not when." *Turner v. Nationstar Mortgage, LLC*, 3:15-cv-2708-L, 2015 WL 9918693 (N.D. Tex. Nov. 13, 2015) (citing *Jesinoski*, 135 S. Ct. at 792–93) (emphasis added).

Crum relies heavily on *Jesinoski* to argue that a borrower may exercise its right outside of the three-year time limit so long as the borrower sends written notice. Doc. 60-1, Def.'s Br. ¶ 13 (citing *Jesinoski*, 135 S. Ct. at 793). Crum reasons that his written notice effectuated his right, and HSBC lost its rights to foreclose after it failed to file a lawsuit in response Crum's written notice within 20 days. *Id.* ¶¶ 4, 11.[2]

HSBC rejects Crum's argument because it contends that Crum attempted to exercise his right to rescind outside the time limits provided by the statute, making the rescission ineffective. Doc. 61, Pl.'s Resp. ¶¶ 8–9. HSBC asserts that the loan transaction was consummated in 2004, when Crum originally entered into a binding loan agreement, and Crum attempted to rescind the agreement in November 2015, eleven years after the transaction. *Id.* ¶ 10. Because Crum's rescission was outside the three-year window, and because Crum rests his entire argument on that rescission, HSBC argues that the Motion should be denied. *Id.* ¶ 11.

In his Reply, Crum does not deny that he lost his right to rescind, but rather asserts that his argument rests on a different basis. Doc. 62, Def.'s Reply ¶¶ 4–5. Crum argues that *Jesinoski* supports

---

[2] Crum fails to reference any law supporting his contention that HSBC had to respond with a lawsuit within 20 days. Presumably, Crum is referring to 15 U.S.C. § 1635(b), which instructs creditors on what they must do within 20 days of receiving a notice of rescission.

his contention that once a rescission is mailed, regardless of if whether it was rightly done, it is complete unless the lender challenges the rescission within 20 days. *Id.* ¶ 6.

The Court finds that Crum's argument and reliance on *Jesinoski* are misplaced. The facts provided by both parties indicate that Crum was outside the three-year time limit when he attempted to exercise his right to rescind. And the Supreme Court in *Jesinoski* did not excuse that kind of error. Even though the holding indicates that written notice can be effective even when a borrower might mistake whether he has a right to rescind, it does not address whether that borrower could exercise the right outside the three year time limit. The Court is unpersuaded by Crum's argument and determines that the basic statutory requirement that a borrower must exercise his right to rescind within three years of a transaction is unchanged by the holding of *Jesinoski*. Therefore, because Crum's three-year window to rescind expired long before November 2015, Crum's attempt to rescind the loan agreement in November was ineffective, and the dispute between the parties was not resolved.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 60).

**SO ORDERED.**

**SIGNED: December 2, 2016.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE