UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-WMCI, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3522-B |
| | § | |
| KENNETH E. CRUM, | § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff HSBC Bank USA, N.A., as Trustee for Merrill Lynch Mortgage

Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-WMCI's (Plaintiff or HSBC)

Motion for Summary Judgment (Doc. 38). The Court considers this Motion for the second time in

light of a Supplemental Brief (Doc. 59) filed by Plaintiff. For the reasons stated below, Plaintiff's

Motion for Summary Judgment (Doc. 38) is **GRANTED**.

I.

BACKGROUND

A.   *Factual History*[1]

This is a mortgage case stemming from a Texas Home Equity Note (Note) and a Texas Home

---

[1] The Court draws its factual account from the parties' pleadings, summary judgment briefs, and evidentiary submissions. Unless characterized as a contention by one of the parties, these facts are undisputed.

Security Instrument (Security Instrument) (collectively Loan Agreement) executed by Defendant, creating a lien on a piece of real property. Doc. 39, Pl.'s Br. in Supp. of Mot. Summ. J. ¶ 2 [hereinafter Pl.'s Br.]; Doc. 45, Def.'s Resp. to Pl.'s Mot. Summ. J. ¶ 5 [hereinafter Def.'s Resp.]. The Note was not originally executed with Plaintiff. Doc. 39, Pl.'s Br. ¶ 2; Doc. 45, Def.'s Resp. ¶ 5. But through a series of transfers, Plaintiff came to hold the Note and became the beneficiary of the Security Instrument. Doc. 39, Pl.'s Br. ¶ 3; Doc. 58, Order 7 (finding no reason to question HSBC's supporting evidence establishing that it owned the Note).

The Court addressed the facts regarding the Loan Agreement in detail in its previous Order. Doc. 58, Mem. Op. & Order 1–4. The facts pertinent to the Court's decision today follow. Crum defaulted on his loan. *See* Doc. 45, Def.'s Resp. ¶ 6; Doc. 39, Pl.'s Br. ¶ 4. Multiple notices of default were sent to Crum, but the one at issue today was the Demand Letter – Notice of Default (Notice of Default) sent in October 2013 by Select Portfolio Servicing, Inc. (SPS) to Crum via the United States mail. Doc. 45, Def.'s Resp. ¶ 7; Doc. 39, Pl.'s Br. ¶¶ 7, 15. In 2014, HSBC sued to obtain a foreclosure on the relevant property based on the Loan Agreement. Doc. 45, Def.'s Resp. ¶ 9; Doc. 39, Pl.'s Br. ¶ 18.

B.    *Procedural History*

In February 2016, the Court denied HSBC's Motion for Summary Judgment. Doc. 58, Order 12. In its Order, the Court conclusively rejected Crum's affirmative defenses and found that HSBC established its breach of contract claim. *Id.* at 11–12. The Court denied the Motion, however, because it was unclear whether HSBC complied with § 51.002 of the Texas Property Code—which requires sending notices of default by certified mail—when the October 15, 2013, Notice of Default was sent to Crum. *Id.* at 12.

But the Court's denial of HSBC's Motion for Summary Judgment was not final because the Court gave the parties additional time to brief the specific issue of whether HSBC complied with § 51.002. *Id.* Only HSBC submitted a supplemental brief by the provided deadline. Doc. 59, Pl.'s Suppl. Br. The Court now reconsiders HSBC's Motion for Summary Judgment in light of its Supplemental Brief (Doc. 59).

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant ultimately bears the burden of proof at trial, however, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Section 51.002(d) of the Texas Property Code requires a mortgage servicer of a debt to "serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail . . . ." Tex. Prop. Code §51.002(d) (West, Westlaw through 2015 Sess.). It further provides that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code § 51.002(e).

The Fifth Circuit has addressed § 51.002's notice requirement. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). It held that a mortgage servicer "satisfie[s] its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect." *Id.* More recently, in *Perkins v. Bank of America*, the Fifth Circuit again addressed § 51.002 and faced a record with a copy of the notice of default sent to the debtor and an affidavit of an employee of the mortgage servicer. 602 F. App'x 178, 181 (5th Cir. 2015). The affidavit affirmed that notice of default was "provided in the manner required by law." *Id.* The Fifth Circuit recognized that the affidavit was prima facie evidence that notice of default was sent in compliance with § 51.002. *Id.* The debtor's only defense was his statement that he was not sent a proper default letter. *Id.* That, the Fifth Circuit, concluded did not create a genuine issue of material fact to rebut the mortgage

- 4 -

servicer's prima facie evidence. *Id.* And on that basis, it affirmed the district court's grant of summary judgment. *Id.*

Here, HSBC filed its Supplemental Brief and provided two additional pieces of evidence. Doc. 59, Pl.'s Supplemental Br. First, HSBC provided an affidavit from Barry A. McCain (Affidavit). Doc. 59-1, McCain Aff., Ex. A. McCain is an attorney who represents HSBC. *Id.* ¶ 2. In the Affidavit, McCain provides that HSBC retained SPS as the mortage servicer for the Note. *Id.* ¶ 3. McCain states that SPS sent the Notice of Default to Crum by certified mail. *Id.* ¶ 7. Second, HSBC attached as an Exhibit "the original or exact duplicate" of the Notice of Default sent to Crum from SPS. *Id.* ¶ 9; Doc. 59-1, Notice of Default, Ex. A-1. With these submissions, HSBC provided prima facie evidence that notice was sent by certified mail and therefore has met its burden.

Crum did not respond to HSBC's new evidence. And in his Response to HSBC's Motion for Summary Judgment, he does not address the argument directly. *See* Doc. 45, Def.'s Resp. in Opp. to Mot. Summ. J. Crum simply notes that the Notice was sent to him but does not clarify whether it was by certified mail. *Id.* ¶ 7. Without a direct denial or any supplemental evidence, Crum does not create a genuine issue of material fact regarding HSBC's compliance with § 51.002. Thus, the Court concludes that  HSBC complied with § 51.002.

Because the Court has now resolved the last outstanding issue in HSBC's Motion for Summary Judgment, and because the Court has already determined that HSBC established its breach of contract claim, the Court may now consider granting HSBC's Motion in its entirety. Before doing so, the Court will briefly assess whether Crum has had an adequate opportunity to respond to HSBC's breach of contract claim. The Court finds that HSBC clearly brought a breach of contract claim in its Motion for Summary Judgment. *See* Doc. 39, Pl.'s Br. in Supp. of Mot. Summ. J.

¶¶ 11–18. And Crum, while not disputing any specific element of the claim, did bring an affirmative defense[2] related to the breach of contract claim. Doc. 45, Def.'s Resp. ¶¶ 15–18. Furthermore, Crum has not denied that he defaulted on the Note. Doc. 58, Mem. Op. & Order 11. The Court is satisfied that Crum had an opportunity to address HSBC's breach of contract claim, and it is appropriate for the Court decide the Motion for Summary Judgment today.

## IV.

## CONCLUSION

Because the Court can now establish that HSBC sent the Notice via certified mail, the court finds it appropriate to **GRANT** Plaintiff's Motion for Summary Judgment (Doc. 38) in its entirety.

SO ORDERED.

SIGNED: December 2, 2016

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Crum asserted that HSBC did not really own the Note and therefore could not enforce it. Doc. 45, Def.'s Resp. ¶¶ 15–18. HSBC's ability to enforce the Note forms the basis of HSBC's breach of contract claim. Doc. 39, Pl.'s Mot. Summ. J. ¶¶ 11, 13.