UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-WMCI, | § § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3522-B |
| KENNETH E. CRUM, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Award of Attorney's Fees. Doc. 65. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

## I.

## BACKGROUND

The Court previously granted Plaintiff's Motion for Summary Judgment (Doc. 38) in its entirety and entered a Final Judgment granting Plaintiff, among other things, the right to enforce its lien on the subject property through non-judicial foreclosure. Doc. 69, Final J. Now Plaintiff seeks an award of attorney's fees in the amount of $12,678.00. Doc. 65, Mot. for Att'y Fees 1; Doc 66-1, Cronenwett Decl. Ex. A ¶ 5. Plaintiff also seeks an additional $2,500 for post-judgment motions, $5,000 for an appeal to the Fifth Circuit Court of Appeals, and $2,500 for an appeal to the United States Supreme Court. Doc. 66-1, Cronenwett Decl. Ex. A ¶ 9. In support of its Motion, Plaintiff

attaches: (1) the Declaration of attorney Mark D. Cronenwett; (2) the resume of Cronenwett; and (3) redacted billing invoices. Doc. 66, Pl.'s App.

## II.

## LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure governs costs and attorneys' fees. Under the American Rule, prevailing parties generally cannot recover attorneys' fees without a statutory or contractual basis. *Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Rule 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. Here, Plaintiff moves for attorney's fees according to the subject home equity note and security instrument.

Courts in the Fifth Circuit "apply a two-step method for determining a reasonable attorneys' fee award." *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). Courts first calculate the lodestar, "'which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.' In calculating the lodestar, '[courts] should exclude all time that is excessive, duplicative, or inadequately documented.'" *Id.* (quoting *Jimenez*, 621 F.3d at 379–80).

"There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta*, 448 F.3d 795, 799 (5th Cir. 2006)). But after calculating the lodestar, courts move to the second step and evaluate the resulting value in relation to "the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*" *Jimenez*, 621 F.3d at 380 (citing *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)). Those factors are addressed more in depth below.

Under certain circumstances, "a district court may enhance or decrease the amount of attorneys' fees based on 'the relative weights of the twelve'" *Johnson* factors. *Black*, 732 F.3d at 502 (quoting *Saizan*, 448 F.3d at 800). Lodestar enhancements, however, are permitted only in rare and exceptional circumstances. *Perdue*, 559 U.S. at 554. And "the lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502.

## III.

## ANALYSIS

As mentioned above, Plaintiff moves for attorney's fees according to the subject home equity note and security instrument. The note to which Plaintiff refers is a Texas Home Equity Note, and it provides that in the event a borrower fails to pay as required, the "Note Holder will have the right to be paid back by [the borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, including Section 50(a)(6) Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees." Doc. 1-1, Texas Home Equity Note Ex. A, at 2. And the security instrument is a Texas Home Equity Security Instrument providing that the "Lender" is "entitled to collect all expenses incurred in pursuing the remedies provided in . . . Section 21, including, but not limited to . . . reasonable attorneys' fees." Doc. 1-1, Texas Home Equity Security Instrument Ex. B, at 16.

The language in the contracts indicates that Plaintiff may recover attorney's fees incurred in pursuing its claims, insofar as such recovery does not violate the Texas Constitution. "Home equity

notes are non-recourse as a matter of Texas law, but that rule does not bar recovery of attorneys' fees and other expenses, as provided for in [the] security instrument, as part of the balance owed under the note. These fees may be recovered against the property upon any foreclosure sale." *Huston v. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 742 (S.D. Tex. 2013) (citing *In re Mullin*, 433 B.R. 1, 18 (Bankr. S.D. Tex. 2010)); *see also* Tex. Const. Art. XVI § 50(a)(6)(C). Having concluded that Plaintiff may recover attorney's fees, the Court turns to its consideration of the lodestar amount and the *Johnson* factors.

A.  *The Lodestar*

In Mr. Cronenwett's Declaration, he asserts that he is familiar with the legal services necessary to handle similar claims and that he is familiar with the reasonable charges for such services in the United State District Court for the Northern District of Texas and within the state of Texas. *See* Doc. 66-1, Cronenwett Decl. Ex. A. Defendant failed to file a Response opposing Plaintiff's Motion.

After reviewing the attached billing invoices and Mr. Cronenwett's Declaration, the Court is satisfied that the rate at which each individual worked is the prevailing hourly rate in the community for similar work and that the time billed was not excessive, duplicative, or inadequately documented. *See Combs*, 829 F.3d at 391 (citing *Jimenez*, 621 F.3d at 379–80). The Court does note, however, that by the Court's calculation, and by the amount printed in the Billed Case Summary, the correct lodestar amount is $12,867, not $12,678 as is represented in the Declaration. *See* Doc. 66-1, Invoice Ex. A-2, at 2. As it appears that this was likely a typographical mistake in the Declaration, the Court concludes that the proper lodestar amount is $12,867.

*B.	Johnson Factors*

The Court now must determine whether to alter the lodestar amount in light of the twelve *Johnson* factors. They are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

As set forth above, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502. That said, the Court can enhance or decrease the lodestar value in light of the *Johnson* factors if the party seeking adjustment meets its burden of proving an adjustment is warranted. *Id.*; *Wherley v. Schellsmidt*, No. 3:12-cv-0242, 2014 WL 3513028, at *5 (N.D. Tex. July 16, 2014). "Many of the Johnson factors are 'presumably fully reflected in the lodestar amount,' however, so such modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings." *Wherley*, 2014 WL 3513028, at *5 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). What's more, "the United States Supreme Court has barred any use of the sixth factor and advised that the second factor generally cannot be used as a ground for enhancing the award." *SortiumUSA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2015 WL 179025, at *3 (N.D. Tex. Jan. 14, 2015). Perhaps most importantly, however, "[t]he lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar amount already took that factor into account; to do so would

be impermissible double counting." *Saizan*, 448 F.3d at 800.

Here, Plaintiff does not request that the Court enhance the base lodestar amount by any amount. Defendant failed to file a Response, so there is no argument for decreasing the lodestar amount. After taking into account each of the *Johnson* factors, the Court is in agreement with Plaintiff in that the lodestar amount does not require adjusting. Therefore, the *Johnson* factors do not change the lodestar amount and the Court **GRANTS** Plaintiff's Motion to the extent that Plaintiff should be awarded attorney's fees in the amount of $12,867. But the Court declines to address the issue of attorney's fees based on post-judgment motions or for an appeal because Plaintiff's request is premature and because there is insufficient information to warrant such relief. Accordingly, Plaintiff's Motion is **DENIED** in that respect. *See Parker v. U.S. Bank. Nat. Ass'n*, No. 3:12-cv-4297-L, 2014 WL 2883919, at *6 (N.D. Tex. June 25, 2014).

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion for Award of Attorney's Fees (Doc. 65) in the amount of **$12,867.00**, but **DENIES** Plaintiff's Motion with respect to the request for attorney's fees for post-judgment motions or for an appeal.

It is further **ORDERED, ADJUDGED and DECREED** that said award shall not be a money judgment but only a further obligation on Defendant's Texas Home Equity Note and his Texas Home Equity Security Instrument.

SO ORDERED.

SIGNED: May 31, 2017

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE